116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jana Raylene O'REILLY, Defendant-Appellant.
 No. 96-10099.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-95-00143-GEB; Garland E. Burrell, District Judge, Presiding.
 Before: HUG, Chief Judge; GOODWIN and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jana O'Reilly appeals her conviction following a conditional guilty plea to drug and firearm charges. The only issue on appeal is whether the district court erred in denying her motion to suppress evidence, all of which was discovered by Stockton police officers in connection with her arrest for driving while her operator's license was suspended for failure to appear in connection with another traffic offense. We affirm the judgment.
 
 
 3
 Stockton police officers noticed Ms. O'Reilly seated in her stationary pickup truck in a K-Mart parking lot and approached to see if the truck was disabled. As they neared, Ms. O'Reilly started to drive off. The officers checked the registration on the car and noted an apparent discrepancy between her displayed registration tags and the information on file with the DMV. The parties agree that the officers appropriately stopped Ms. O'Reilly to check her registration.
 
 
 4
 The officers then checked Ms. O'Reilly's operator's license through their police car computer. They discovered that Ms. O'Reilly was listed as "operator's license suspended for failure to appear. Service required." The officers placed her under arrest for driving with a suspended license and impounded her vehicle.
 
 
 5
 An inventory search of her vehicle began with the officers finding a .38 pistol in plain view on the front seat. Further search of that vehicle revealed 182 grams of methamphetamine, drug paraphernalia, and cash. Follow up searches of her vehicle revealed a tin box hidden between the spare tire and the truck body containing approximately six pounds of methamphetamine. After surveillance of a suspected drug transaction between another resident of her house and a purchaser, the officers obtained a warrant to search her residence, and additional contraband was found.
 
 
 6
 The parties disagree over whether driving on a suspended license is a crime of specific or general intent under California law. Cal.Veh.Code § 14601.1 states that "No person shall drive a motor vehicle when his or her driving privilege is suspended ... and when the person so driving has knowledge of the suspension." The defense argues that the words "has knowledge of the suspension" establish this crime as a crime of specific intent. The government argues that this offense is a crime of general intent. Neither party cites a California case on point, however, nor have we found one in our own research.
 
 
 7
 If this is a crime of specific intent, officers may make a valid arrest only if they have probable cause to believe that that element is present. Gasho v. United States, 39 F.3d 1420, 1428 (9th Cir.1994), and the defense argues such probable cause was lacking. If this is a crime of general intent, the officers need not have probable cause for this element. Id. The district court found that this is a crime of general intent. We need not address this issue of California law, however, because we agree with the district court that the officers did have probable cause to believe that Ms. O'Reilly knew that her license was suspended.
 
 
 8
 Probable cause analysis does not rest on "rigid legal rules," but instead is a "commonsense" analysis that is "practical" and "nontechnical." Illinois v. Gates, 462 U.S. 213, 230-32 (1983). Here, at the time of the arrest the officers had substantial information about Ms. O'Reilly. The officers had observed Ms. O'Reilly apparently trying to evade their notice. The date on Ms. O'Reilly's truck registration sticker was different from the registration date on file with the DMV. The police car computer showed that Ms. O'Reilly's license had been suspended, service was required, and no signed receipt had been received. One officer testified that he believed that people often received DMV notices of license suspensions, but did not return them. A commonsense analysis of this situation could be that Ms. O'Reilly knew that her license was suspended and was trying to avoid notice.
 
 
 9
 The district court concluded that the officers had probable cause to believe the suspect was driving with a suspended license. The court also concluded that the officers acted according to their city "towing policy" that vehicles should generally be towed or impounded when a driver is driving on a suspended license. Accordingly, the court found that the officers acted appropriately, and no violation of the Fourth Amendment occurred.
 
 
 10
 Because O'Reilly was legally arrested, the ensuing search of her truck incident to arrest that uncovered drugs, drug paraphernalia, and a loaded firearm was legal. The contraband found in her truck, along with the observation of the supposed drug transaction involving an occupant of her home, gave rise to probable cause to search her home. In addition, the second search of her truck was supported by probable cause and justified as an inventory search in preparation of impoundment procedures.
 
 
 11
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3